UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------×

HASSAN BARROW,

       *Plaintiff,*                  **17 CV 9826**

    *v.*

                                       **COMPLAINT**

CRACKER BARREL OLD COUNTRY STORE, INC.,

       *Defendant.*

------------------------------------------------------------------------×

       Plaintiff Hassan Barrow, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), as follows:

## PRELIMINARY STATEMENT

       1.       Mr. Barrow seeks damages and costs against Cracker Barrel for discriminating against him by refusing to hire him on the basis of his criminal record, in violation of the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 296, incorporating the New York State Corrections Law (NYCL), N.Y. Corr. Law § 752.

## JURISDICTION AND VENUE

       2.       Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

           a.   Mr. Barrow is a citizen of the State of New York, as he is domiciled in the State of New York.

           b.   Upon information and belief, Cracker Barrel is a citizen of the State of Tennessee, as it is a corporation organized under the laws of the State of Tennessee with its headquarters located in the State of Tennessee.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

4. Plaintiff respectfully requests a trial before a jury.

## PARTIES

5. Mr. Barrow, at all times relevant hereto, was and is a resident of Westchester County in the State of New York.

6. Upon information and belief, at all times relevant hereto, Cracker Barrel was and is a corporation organized under the laws of the State of Tennessee with its principal corporate offices located at 305 Hartmann Drive, Lebanon, Tennessee 37087 in Wilson County and a restaurant location at 4 Merritt Boulevard, Fishkill, New York 12524 in Dutchess County (the "Restaurant").

## STATEMENT OF FACTS

7. On or about July 29, 2017, Mr. Barrow, who was nearly 30 years old at the time, applied online for a position with Cracker Barrel as a Food Server at the Restaurant.

8. Shortly after submitting his application, Mr. Barrow received a text message from Cracker Barrel, inviting him to call and schedule an interview, which Mr. Barrow did.

9. On or about August 3, 2017, Mr. Barrow had an in-person interview with the Restaurant's manager, whose name is unknown to Mr. Barrow.

10. On or about August 4, 2017, Cracker Barrel extended Mr. Barrow an offer of employment for the Food Server position, conditioned upon Mr. Barrow's successful completion of a background check.

11. Mr. Barrow then completed an authorization allowing Cracker Barrel to perform a background check and obtain his consumer report.

12. On or about August 8, 2017, Cracker Barrel sent Mr. Barrow a pre–adverse action disclosure, informing Mr. Barrow that his consumer report included information that caused Cracker Barrel to consider not hiring Mr. Barrow.

13. By way of background, on May 23, 2009, Mr. Barrow, who was 21 years old at the time, was arrested in Yonkers, New York, after two men he was with decided unpremeditatedly to rob a stranger at gunpoint.

14. Mr. Barrow, who was unarmed, did not participate in the crime; in fact, he actively tried to stop the men he was with from committing it.

15. However, Mr. Barrow was arrested nonetheless, along with one of the perpetrators.

16. On March 17, 2010, after entering a guilty plea, Mr. Barrow was convicted of robbery in the second degree, for which he served three and a half years in prison.

17. During his sentence, Mr. Barrow worked as a porter and satisfactorily completed a vocational program, Transitional Service Programs (TSP I and II), and Alcohol and Substance Abuse Treatment Programs.

18. Since his release, Mr. Barrow has attended Westchester Community College, held several jobs, maintained a steady residence, and consistently tested negative for drug use.

19. Mr. Barrow has a Certificate of Relief from Disabilities.

20. On or about August 10, 2017, Mr. Barrow sent an email to Cracker Barrel, attempting to provide more background concerning his criminal record and his record after the end of his sentence.

21. In the August 10, 2017 email, Mr. Barrow wrote:

> I answered all questions on the form open and honestly. My sentence ended may 23 2013 and Post release supervision ends may 23 2018. I completed ART. ASAT. I also have a certificate of relief. Reccomendation from Communitiy supervision and a work history in sales, food service, and personal training. I am a father of 4 and also a college student with 2 classes until my degree. Poor decisions were made in my youth. I was was heading to my car and people around me went to rob a person, I tried to convince them not to but police were driving around I saw got scared and ran. Since then I have been an active and productive member of society. I only look for opportunity to grow, succeed, and be a valueable member of a team.

22. Cracker Barrel did not respond to Mr. Barrow's August 10, 2017 email at all.

23. Instead, on or about August 15, 2017, Cracker Barrel withdrew its conditional offer of employment to Mr. Barrow "based partially or wholly on information contained in the consumer report [Cracker Barrel] received"—namely, Mr. Barrow's prior criminal conviction.

24. On or about August 22, 2017, Cracker Barrel responded to Mr. Barrow's August 10, 2017 email, reiterating that Cracker Barrel would not employ Mr. Barrow because of his background check.

25. In its August 22, 2017 email, Cracker Barrel also wrote that the review of Mr. Barrow's background check did not consider each of the eight factors that the NYSHRL and NYCL requires it to consider; instead, it only considered "if the application was falsified, the nature and severity of the conviction(s), the job-relatedness to the position you applied for, and the time lapsed since the conviction(s)."

26. Also, Cracker Barrel never asked Mr. Barrow about "the nature and severity" of his conviction circumstances, as it never responded to Mr. Barrow's August 10, 2017 email.

27. Indeed, Cracker Barrel did not make any effort to contact Mr. Barrow to assess his conviction's bearing on the position for which he applied.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Criminal Record Discrimination

28. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 27 with the same force as though separately alleged herein.

29. The NYSHRL prohibits an employer from denying an applicant employment based on the applicant's criminal offense unless (1) there is a direct relationship between one or more of the applicant's previous criminal offenses and the specific employment sought, or (2) the granting of employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

30. In determining whether to deny an applicant employment based on a criminal offense, an employer must consider the following factors, set forth in the NYCL:

1) The public policy of [New York State], […] to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
2) The specific duties and responsibilities necessarily related to the employment sought by the person.
3) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.
4) The time which has elapsed since the occurrence of the criminal offense or offenses.
5) The age of the person at the time of occurrence of the criminal offense or offenses.
6) The seriousness of the offense or offenses.
7) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.
8) The legitimate interest of the employer in protecting property, and the safety and welfare of specific individuals or the general public.

31. The NYSHRL also requires an employer to give consideration to an applicant's certificate of relief from disabilities or certificate of good conduct, which creates a presumption of rehabilitation regarding the at-issue offense or offenses.

32. Here, there is no indication that Cracker Barrel evaluated all eight factors at the time it decided to deny Mr. Barrow employment.

33. Cracker Barrel's letter to Mr. Barrow refers to only three factors it claims to have considered when reviewing Mr. Barrow's criminal record.

34. If Cracker Barrel had evaluated all eight factors set forth in the NYCL, it would have learned that each factor goes in Mr. Barrow's favor: the duties of a server have no connection to Mr. Barrow's conviction; Mr. Barrow's conviction was nearly 10 years prior to his application; Mr. Barrow was only 21 years old at the time of his arrest; the nature of Mr. Barrow's conviction is less serious than other convictions of robbery in the second degree in light of the circumstances (namely, Mr. Barrow's attempts to stop the crime); and Mr. Barrow has a Certificate of Relief from Disabilities.

35. Cracker Barrel denied Mr. Barrow employment based on his criminal record without Mr. Barrow's qualifying for any exception under the NYSHRL: There was no direct relationship between Mr. Barrow's previous criminal offense and the specific employment he sought at Cracker Barrel, and granting Mr. Barrow employment at Cracker Barrel would not have involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.

36. Cracker Barrel's refusal to hire Mr. Barrow based on his criminal record therefore violates the NYSHRL.

37. As a direct and proximate consequence of Cracker Barrel's criminal record discrimination, Mr. Barrow has suffered, and continues to suffer, substantial damages, including lost wages and emotional distress, all in amounts to be determined at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages, including economic and emotional distress damages, to be determined at trial; and

B. For such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         December 15, 2017

          By:   s/ Walker G. Harman, Jr.
                Walker G. Harman, Jr. [WH-8044]
                Edgar M. Rivera [ER-1378]
                THE HARMAN FIRM, LLP
                220 Fifth Avenue, Suite 900
                New York, NY 10001
                (212) 425-2600
                wharman@theharmanfirm.com
                erivera@theharmanfirm.com

                *Attorneys for Plaintiff*